IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NUKOL BAILEY and MARK DANIELS,**                                               **PLAINTIFFS**
each individually and on behalf of all others
similarly situated

v.                                              Case No. 4:20-cv-1058-KGB

**CARE ABOVE ALL CARE, INC. and**                                               **DEFENDANTS**
**LEANNA GODLEY**

**ORDER**

Before the Court is the motion for attorneys' fees and costs filed by plaintiffs Nukol Bailey and Mark Daniels (Dkt. No. 32). Defendants Care Above All Care, Inc. and Leanna Godley responded in opposition to the motion, and plaintiffs replied (Dkt. Nos. 36; 37). For the reasons below, the Court grants, in part, and denies, in part, the motion for attorneys' fees and costs.

**I.      Background**

On September 1, 2020, plaintiffs filed this complaint alleging violations of the overtime provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.* (Dkt. No. 1). On April 9, 2021, plaintiffs moved for conditional certification of a collective action (Dkt. No. 12). On May 14, 2021, the parties filed a joint motion to stay briefing on plaintiffs' motion for conditional certification while the parties pursued settlement negotiations (Dkt. No. 19). The Court granted this motion (Dkt. No. 20). Subsequently, the parties requested, and the Court granted, multiple additional extensions of time to continue settlement negotiations (Dkt. Nos. 21-24). On December 7, 2021, the parties participated in a settlement conference before United States Magistrate Judge Jerome T. Kearney and reached an agreement to settle the case (Dkt. No. 28). On January 26, 2022, the parties filed a joint stipulation of dismissal with prejudice stating that

they had reached an agreement that resolved plaintiffs' claims for unpaid wages and left open the issues of reasonable attorneys' fees and court costs (Dkt. No. 31).

On February 22, 2022, plaintiffs filed a motion for $15,015.90 in attorneys' fees and $505.00 in costs under the FLSA (Dkt. No. 42, ¶¶ 5, 6).  On March 15, 2022, defendants filed a response to the motion for attorneys' fees and costs, and on March 22, 2022, plaintiffs filed a reply (Dkt. Nos. 36; 37).

## II.     Governing Law

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  Determining a reasonable award of attorneys' fees is a two-step process.  "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)).  The party seeking an award of fees should "submit adequate documentation supporting the number of hours claimed," and the court "may deduct hours from this initial number if counsel's documentation is inadequate." *Gay v. Saline Cty.*, Case No. 4:03-cv-00564 HLJ, 2006 WL 3392443, at *2 (E.D. Ark. Oct. 20, 2006) (citing *Hensley*, 461 U.S. at 433).  Once calculated, the lodestar amount is presumptively reasonable. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).  However, it may be adjusted upward or downward as

the court finds necessary based on the facts and circumstances of the particular case. *Hensley*, 461 U.S. at 434.

"Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion." *Hanig*, 415 at 825 (citing *Harmon v. City of Kansas City*, 197 F.3d 321, 329 (8th Cir. 1999)).

### III. Discussion

Plaintiffs request $15,015.90 in attorneys' fees and $505.00 in costs (Dkt. No. 42, ¶¶ 5, 6). In support of this motion, plaintiffs have submitted a spreadsheet documenting the hours expended by the Sanford Law Firm, including attorneys and support staff; a declaration of attorney Josh Sanford; an invoice for costs; and two reports on trends in legal billing (Dkt. Nos. 32-1; 32-2; 32-3; 37-1; 37-2). Plaintiffs ask the Court to award attorneys' fees as follows:

| Timekeeper | Rate | Time Claimed | Amount Claimed |
|---|---|---|---|
| Courtney Harness | $300.00 | 22.80 | $6,840.00 |
| Courtney Lowery | $190.00 | 3.60 | $684.00 |
| Josh Sanford | $383.00 | 11.80 | $4,519.40 |
| Samuel Brown | $150.00 | 1.20 | $180.00 |
| Vanessa Kinney | $300.00 | 3.50 | $1,050.00 |
| Law Clerk | $75.00 | 15.10 | $1,132.50 |
| Paralegal | $100.00 | 6.10 | $610.00 |
| Totals | | 64.10 | $15,015.90 |

(Dkt. No. 32, at 9-10).

3

Defendants do not dispute that plaintiffs are entitled to reasonable attorneys' fees. Rather, defendants argue that the number of hours and the hourly rates billed by plaintiffs' counsel are unreasonable. Defendants raise several objections to plaintiffs' fee request, which the Court will address.

### A.  Requested Hourly Rates

Defendants argue that the rates charged by plaintiffs' counsel and their support staff are not reasonable. Defendants argue that, aside from the paralegal rate, the rates requested by plaintiffs' counsel are in excess of the prevailing rates for FLSA actions in the Arkansas legal market (Dkt. No. 36, at 5). The Court agrees.

The Court observes that Mr. Sanford's requested hourly rates have been repeatedly rejected by Judges in both the Eastern and Western Districts of Arkansas. *See Aubrey v. Zamam, LLC*, Case No. 4:17-cv-00446-LH, slip op. at 2 (E.D. Ark. Nov. 29, 2018) (determining that $275.00, not the requested rate of $325.00, was a reasonable hourly rate for Mr. Sanford); *Wolfe v. Arafa*, Case No. 5:17-cv-00245-DPM, slip op. at 1 (E.D. Ark. Aug. 8, 2019) (determining that a reasonable hourly rate for Mr. Sanford was $250.00, not the requested rate of $325.00); *Perez v. Mian Enters., Inc.*, Case No. 2:17-cv-02162, 2018 WL 10394810, at 2 (W.D. Ark. Oct. 26, 2018) (reducing Mr. Sanford's requested hourly rate from $325.00 to $275.00); *Smiley v. Little Rock Donuts, LLC*, Case No. 4:20-cv-00102-JM, 2021 WL 4302219, at 3 (E.D. Ark. Sept. 21, 2021) (reducing Mr. Sanford's hourly rate from $383.00 to $250.00).

The Court determines that the rates requested by plaintiffs' counsel are high in comparison to reasonable hourly rates in the legal market. The Court will reduce the fee award accordingly and does so in a manner consistent with its reasoning in this Order.

B.     **Duplicative And Inefficient Work**

Defendants argue that the billing spreadsheet submitted in support of plaintiffs' motion includes duplicative, inefficient, and unnecessary tasks as well administrative tasks that should not be billed (Dkt. No. 36, at 7).  Attorneys' fees awarded under the FLSA "should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client." *Morales v. Farmland Foods, Inc.*, Case No. 8:08-cv-504, 2013 WL 1704722, at *7 (D. Neb. Apr. 18, 2013) (citing *Missouri v. Jenkins*, 491 U.S. 274, 287 (1989)).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

Plaintiffs' counsel assigned seven individuals to this case, including five lawyers (Dkt. No. 32-2, ¶ 18).  This may have led to inefficiencies and duplication of work.  Courts have warned the Sanford Law Firm ("SLF") repeatedly about this type of duplicative billing in the past.  *See Skender v. Eden Isle Corp.*, Case No. 4:20-cv-00054-BRW, 2021 WL 2964991, at *5-6 (E.D. Ark. July 14, 2021); *Vines*, 2020 WL 3062384, at 4–5; *West v. Zedric's LLC*, Case No. SA-19-cv-00556-FB, 2019 WL 6522828, at 6 (W.D. Tex. Dec. 3, 2019); *Cook v. Beemac Foods, LLC*, Case No. 2:18-cv-02155, 2019 WL 2418753, at 2 (W.D. Ark. June 10, 2019); *Coates v. Dassault Falcon Jet Corp.*, Case No. 4:17-cv-00372-JLH, 2019 WL 2931296, at 2 (E.D. Ark. May 8, 2019); *Furlow v. Bullzeye Oilfield Servs., LLC*, Case No. SA-15-cv-1156-DAE, 2019 WL 1313470, at 7 (W.D. Tex. Jan. 3, 2019), *report and recommendation adopted*, Case No. 5:15-cv-1156-DAE, 2019 WL 1313454 (W.D. Tex. Jan. 29, 2019); *Murdock v. McNair*, Case No. 5:17-cv-05225, 2018 WL 6314569, at 1 (W.D. Ark. Dec. 3, 2018); *Hays v. French Quarter Partners*, LLC, Case No. 6:15-cv-6065, 2016 WL 6518637, at 3 (W.D. Ark. Nov. 1, 2016); *Jones v. RK Enterprises of Blytheville,*

*Inc.*, Case No. 3:13-cv-00252-BRW, 2016 WL 1091094, at 4 (E.D. Ark. Mar. 21, 2016), *aff'd*, 672 F. App'x 613 (8th Cir. 2016); *Burchell v. Green Cab Co., Inc.*, Case No. 5:15-cv-05076, 2016 WL 894825, at 3 (W.D. Ark. Mar. 8, 2016).

At the same time, the Court acknowledges that the "[u]se of more than one lawyer is common in legal practice" because "[c]onsultation among lawyers ensures that they do not overlook significant facts or inquiries." *Bohen v. City of East Chicago*, 666 F. Supp. 154, 157 (N.D. Ind. 1987). Upon consideration, the Court believes that "the fact that numerous attorneys work collectively on one case is not in-and-of-itself unreasonable and, in some cases, may indeed be more efficient and lead to a reduction in the total number of hours worked on a matter." *Franklin v. Magnolia Flooring Mill, LLC*, Case No. 1:17-cv-01073, 2019 WL 2427952, at 4 (W.D. Ark. June 10, 2019).

Plaintiffs argue that this case was not overstaffed and that "[w]hile multiple attorneys contributed to the case, their tasks were discrete and unique, not duplicative, and plaintiffs removed in-house conferences that could reflect inefficiencies resulting from the transfer of work from one attorney to another." (Dkt. No. 37, at 2). The Court is mindful that "[a] reduction for duplication 'is warranted only if the attorneys are *unreasonably* doing the *same* work.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (3d Cir. 1990) (emphasis original) (quoting *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990)). In his declaration, Mr. Sanford states that before filing this motion SLF reduced fees related to in-house conferences, case management, and items that were insufficiently clearly described (Dkt. No. 32-2, ¶ 51).

Defendants argue that it was unnecessary for Mr. Sanford to spend 11.8 hours managing various aspects of this case on the grounds that the lead attorney could handle the matters on which

6

Mr. Sanford worked (Dkt. No. 36, at 8). Plaintiffs respond that Mr. Sanford's hours were not duplicative because he was the only attorney billing from September 2, 2020, until June 24, 2021 (Dkt. No. 37, at 2).

After review of the billing records submitted to the Court, the Court is satisfied that some hours billed by SLF attorneys were duplicative. The Court will reduce the fee award accordingly and does so in a manner consistent with its reasoning in this Order.

### C.     Unclear Timekeeping And Improper Block Billing

Defendants argue that multiple entries on plaintiffs' billing spreadsheet are improperly block-billed or unclear (Dkt. No. 36, at 10). Defendants object to a 2.8 hour billing entry preparing and drafting the complaint, research, and correspondence; a 4.0 hour entry for a court appearance that includes travel time and waiting; and 1.1 hour entry for work on the billing spreadsheet (*Id.*, at 11). Defendants also argue that many billing entries are unclear because of plaintiffs' use of initials (*Id.*). While plaintiffs' fee application is not perfect, they have submitted sufficiently precise documentation from which the Court may determine the amount of their reasonable attorneys' fees and costs.

### D.     Proportionality

Defendants argue that plaintiffs' fee award should be reduced because the requested amount of fees is more than four times the amount of money plaintiffs ultimately recovered (*Id.*, at 11). Defendants argue that plaintiffs initially filed a collective action complaint and sought certification of a putative class that allegedly included over 50 members but ultimately settled for a total of $3,500.00 (*Id.*, at 13). However, this Court rejects a "rule of proportionality" in wage-and-hour cases because tying the attorneys' fees to the amount awarded would make it difficult, if not impossible, for individuals with meritorious wage-and-hour claims but relatively small

potential damages to attract effective legal representation. *See Simpson v. Merchs. & Planters Bank*, 441 F.3d 572, 581 (8th Cir. 2006) (rejecting a rule of proportionality in civil-rights cases); *Jackson v. Crews*, 873 F.2d 1105, 1109 (8th Cir. 1989) (same).

### E.   Summary Of Fees Awarded

As set forth above, the Court determines that, given the nature of this case and the billing records submitted for the Court's review, plaintiffs have not come forward with support for awarding all of the fees requested. Consistent with this Order, the Court reduces the fee award to plaintiffs as follows:

| | |
|---|---:|
| **Total Fees Requested** | $15,015.90. |
| **Reduction of 25% of total for hourly rates** | -3,753.98 |
| **Reduction of 15% of total for duplication** | -2,252.39 |
| **Total Fees awarded** | $9,009.53 |

### IV.   Conclusion

For the reasons set forth above, the Court grants, in part, and denies, in part, plaintiffs' motion for attorneys' fees and costs (Dkt. No. 32) and approves attorneys' fees in the amount of $9,009.53 and costs in the amount of $505.00, for a total award of $9,514.53.

It is so ordered this 26th day of January, 2026.

Kristine G. Baker
Chief United States District Judge

8